# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECTV, INC., a California corporation, ) | 1:04cv6266 AWI DLB |
| ) | |
| ) | FINDINGS AND RECOMMENDATION |
| Plaintiff, ) | REGARDING PLAINTIFF'S MOTION FOR |
| ) | DEFAULT JUDGMENT |
| v. ) | |
| ) | (Document 18) |
| ) | |
| EDMUNDO SANTOS, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

On May 20, 2005, Plaintiff DIRECTV, INC., a California Corporation ("DIRECTV"), filed the instant motion for default judgment against Defendant Edmundo Santos ("Defendant"). Defendant did not file an opposition to the motion or otherwise communicate with the Court. Pursuant to Local Rule 78-230(h), the Court determines that the motion is proper for submission without oral argument.

## **BACKGROUND**

DIRECTV filed the instant action on September 16, 2004. Defendant was served with the complaint and summons on November 30, 2004. The complaint alleges violations of 47 U.S.C. § 605, et. seq. (Federal Communications Act of 1934) and 18 U.S.C. §§ 2510-2521 (Electronic Communications Privacy Act, also known as the "Wiretap Act").

Defendant did not answer the complaint or otherwise appear in the action, and the Clerk entered default against Defendant on April 20, 2005.

DIRECTV filed the instant motion for default judgment on May 20, 2005. DIRECTV requests that the Court enter default judgment against Defendant in the amount of $20,000.00, plus interest, attorneys' fees in the amount of $5,166.21, and costs pursuant to Federal Rule of Civil Procedure 54.

Defendant has not opposed this motion.

## DISCUSSION

A.   Legal Standard

Rule 55(b) of the Federal Rules of Civil Procedure provides that judgment by default may be entered as follows:

> (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person.
>
> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"Upon default, the well pleaded allegations of the complaint relating to liability are taken as true." Dundee Cement Co. v. Highway Pipe and Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice §55.11 (3d ed. 2000).

Service of summons and the complaint in this action was made on Defendant on November 30, 2004. True and correct copies of the Proof of Service were filed with the Court on January 3, 2005.

2

The defaulting Defendant is not an infant, incompetent person, person in military service or otherwise exempt from the default judgment under the Soldiers and Sailors Default Relief Act of 1940. Accordingly, a Clerk's default was entered against Defendant on April 20, 2005.

B.   <u>DIRECTV's Claims</u>

DIRECTV seeks default judgment against Defendant on the basis of claims pled in the complaint, including unauthorized reception of satellite signals and willful assembly or modification of devices or equipment in violation of the Federal Communications Act of 1934 (47 U.S.C. §§ 605(a), 605(e)(4)), and unauthorized interception of electronic communications in violation of the Wiretap Act (18 U.S.C. § 2511(1)(a)). DIRECTV requests damages for violations of 18 U.S.C. § 2511(1)(a) and 47 U.S.C. § 605(e)(4), but asks that if this Court declines to award such damages, that the Court award damages for violation of 47 U.S.C. § 605(a).

1.   18 U.S.C. § 2511(1)(a)

The Wiretap Act prohibits the interception and disclosure of wire, oral or electronic communications and provides in pertinent part:

> § 2511. Interception and disclosure of wire, oral, or electronic communications prohibited
>
> (1) Except as otherwise specifically provided in this chapter any person who–
> (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;
>    . . .
> shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

Section 2520 provides a private civil right of action for violation of the Wiretap Act for "any person" "whose wire, oral, or electronic communication is intercepted, disclosed or intentionally used in violation" of the Act. <u>See</u> 18 U.S.C. § 2520(a).

DIRECTV alleges that its electronic communications were intercepted, disclosed or intentionally used in violation of 18 U.S.C. § 2511(1)(a). DIRECTV further alleges that Defendant possessed and used pirate access devices to receive DIRECTV's television programming without authorization or payment to DIRECTV.

1       2.      47 U.S.C. § 605(e)(4)

DIRECTV also alleges a claim for violation of 47 U.S.C. § 605(e)(4), which prohibits any person from assembling, modifying, selling or distributing any device or equipment, knowing, or having reason to know, that it is primarily of assistance in the unauthorized decryption of direct-to-home satellite services.  47 U.S.C. § 605(e)(4).  Any person aggrieved by a violation of this section may bring a private civil action against the violator.  47 U.S.C. § 605(e)(3)(A).

DIRECTV alleges that Defendant manufactured, assembled, sold, distributed and/or modified equipment knowing, or having reason to know, that it was primarily of assistance in the unauthorized decryption of DIRECTV satellite programming.  DIRECTV also alleges that Defendant actively programmed and reprogrammed DIRECTV Access Cards, designed electronic systems for use in surreptitiously obtaining DIRECTV satellite programming, and, by removing and inserting Pirate Access Devices and/or inserting illegally programmed Access Cards into valid DIRECTV Receivers, engaged in the unlawful assembly and/or modification of devices primarily of assistance in the unauthorized decryption of satellite programming.

        3.      47 U.S.C. § 605(a)

DIRECTV further alleges that Defendant violated 47 U.S.C. § 605(a), by receiving and/or assisting others in receiving DIRECTV's satellite transmissions of television programming without authorization.

With the entry of default, this Court may accept the factual allegations of DIRECTV's complaint as true to assess liability.  Based on DIRECTV's uncontested allegations, DIRECTV is entitled to pursue a private civil action for each of the alleged violations.  As noted, however, DIRECTV wishes to proceed under 47 U.S.C. § 605(a) only if the Court declines to award damages for violations of 18 U.S.C. § 2511(1)(a) and 47 U.S.C. § 605(e)(4).[1]

---

[1] Plaintiff's request is somewhat confusing because, although it requests to proceed first under both 18 U.S.C. § 2511(1)(a) *and* 47 U.S.C. § 605(e)(4), it requests a total statutory damages award of $20,000.00.  In its damages analysis, Plaintiff appears to argue that $20,000.00 would be a proper award under *either* 18 U.S.C. § 2511(1)(a) or 47 U.S.C. § 605(e)(4).  Plaintiff requests to proceed under 47 U.S.C. § 605(a) only if the Court refuses to award damages under either of the previous statutes.  In other words, Plaintiff does not request to proceed under 47 U.S.C. § 605(a) if the Court refuses to award the requested $20,000.00, but only if the Court refuses *any* damages

4

C.     Damages

    1.     18 U.S.C. § 2511(1)(a)

18 U.S.C. § 2520(c)(2) permits a court to assess damages for violations of Section 2511(1)(a). Although this Court has discretion whether to award damages under Section 2520©, if it awards damages, it lacks discretion as to the amount. DIRECTV, Inc. v. Huynh, 2004 WL 1123830, * 7 (M.D. Ala. 2004); DIRECTV, Inc. v. Perrier, 2004 WL 941641, * 3 (W.D.N.Y. 2004) ("the court's discretion extends only to granting damages strictly as provided in the statute or not granting damages at all; the court has no discretion to award damages in an amount between the statutory choices").

Section 2520(c)(2) gives the Court the option to award the greater of "actual damages suffered by the plaintiff and any profits made by the violator" or "statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000."

In deciding whether to award damages under section 2520(c)(2), courts, in similar DIRECTV cases, have applied these factors:

    1.     Whether the defendant profited by his violations;

    2.     Whether there was evidence that the defendant actually used his pirate access devices;

    3.     The extent of DIRECTV's financial harm;

    4.     The extent of the defendant's violation;

    5.     Whether the defendant had a legitimate reason for his actions;

    6.     Whether an award of damages would serve a legitimate purpose; and

    7.     Whether the defendant was also subject to another judgment based on the same conduct.

Huynh, 2004 WL 1123830, * 7.

DIRECTV provides evidence of "actual damages suffered by the plaintiff and any profits made by the violator." DIRECTV provides evidence of its value of the services a person has

---

under the previous statutes.

5

access to, the value of subscription and movies viewed only once, the value of the programming purchased by a typical high-end subscriber, and the average bill sent to such subscribers. DIRECTV estimates that its daily damages are $7.53, which it multiplies by the number of days that Defendant used the device[2], for damages of $9,510.39 ($7.53 x 1,263 days).  DIRECTV states that its actual damages does not include the significant expense incurred in investigating and preventing privacy.

DIRECTV argues that it would be entitled to statutory damages in the amount of $100.00 per day for each day of violation.  DIRECTV therefore notes that it would be entitled to $126,300.00 in statutory damages.  However, DIRECTV explains that because it requested statutory damages in the complaint in the amount of $10,000.00 per violation, it will not now seek greater damages.  Because DIRECTV does not seek actual damages, the Court declines to evaluate the evidence in support thereof.

DIRECTV argues that it is entitled to two $10,000.00 awards based on the number of pirate access devices purchased and used by Defendant.  In support of its argument, DIRECTV cites Community Television Systems, Inc. v. Caruso, 134 F.Supp.2d 455, 460-461 (D.Conn. 2000) for the proposition that each device purchased and used by a defendant constitutes a separate violation of the Wiretap Act.  There, however, the court assessed the maximum statutory award of $10,000.00.  The defendants in that case had purchased and used only a single pirate access device and the issue of possession and use of multiple access devices was not before the court.

DIRECTV misconstrues section 2520(c)(2)(B), which authorizes statutory damages of $100 a day for each violation **or** $10,000.00, whichever is greater.  Since DIRECTV does not seek a per day violation, it would be limited to a maximum recovery of $10,000.00. Furthermore, this Court must keep in mind "the potential of 2520(c)(2) to bring financial ruin to people of modest means." Reynolds v. Spears, 93 F.3d 428, 435 (8th Cir. 1996).

---

[2] DIRECTV alleges that Defendant purchased the device on November 14, 2000, and was able to use the device until April 30, 2004, when DIRECTV changed the data stream for DIRECTV Access Cards.  The P4 generation Access Cards currently in use do not allow interception of DIRECTV's satellite programming without authorization.

An award of damages would serve a legitimate purpose to compensate DIRECTV. DIRECTV has been financially harmed by Defendant's conduct. Defendant, by his default, has admitted that he violated federal statutes by using and continuing to use an illegal device to intercept DIRECTV's satellite programming. No mitigating factors have been established by Defendant and no evidence contradicting the proven allegations of the complaint has been proffered. An award of damages would serve the legitimate purpose of deterrence. Accordingly, DIRECTV is entitled to statutory damages in the amount of $10,000.00 for violation of 18 U.S.C. § 2511(1)(a).

2.     47 U.S.C. § 605(e)(4)

Damages for violation of 47 U.S.C. § 605(e)(4) can be either in the amount of the aggrieved party's actual damages or statutory damages in the sum of not less than $10,000.00 or more than $100,000.00 for each violation, in addition to costs and reasonable attorneys' fees. 47 U.S.C. § 605(e)(3). 47 U.S.C. § 605(e)(4) further provides:

> For purposes of all penalties and remedies established for violations of this paragraph, the prohibited activity established herein as it applies to each such device shall be deemed a separate violation.

DIRECTV seeks damages of $10,000.00 per device modified, sold or distributed by Defendant, or $20,000.00 ($10,000.00 x 2).

The specific amount of statutory damages assessed pursuant to section 605 rests within the sound discretion of the Court. Cablevision of S. Conn., Ltd P'ship v. Smith, 141 F.Supp.2d 277, 286 (D.Conn. 2001). Courts have used a variety of methods to calculate damages under section 605, including (1) assessing the maximum statutory rate; (2) estimating the amount of services the defendant pirated and applying a multiplier to that figure; (3) adopting the plaintiff's estimate of the amount of services pirated; and (4) where there has been no evidence of the plaintiff's actual usage or commercial advantage, applying the statutory minimum for each pirated device. DIRECTV, Inc. v. Getchel, 2004 WL 1202717, *2 (D.Conn. 2004); see also DIRECTV v. Haskell, 344 F.Supp.2d 761, 763-764 (D.Me. 2004).

DIRECTV has filed hundreds of similar lawsuits across the country, and in Mexico and Canada. Declaration of Jaime Sichler, ¶14. In these cases, courts have varied widely on awards

7

of damages.  In DIRECTV, Inc. v. Hedger, 322 F.Supp.2d 879 (W.D. Mich. 2004), DIRECTV alleged that the defendant purchased and used a single bootloader device to decrypt and view, and assisted others in decrypting and viewing, DIRECTV's encrypted satellite signal.  The court awarded DIRECTV statutory damages of $10,000.00 under 47 U.S.C. § 605 and 18 U.S.C. § 2520.  In an extremely large award, the court in DIRECTV, Inc. v. Adkins, 320 F.Supp.2d 474, 477 (W.D.Va. 2004), awarded $10,000.00 per device pursuant to section 605(e)(4) against each of four defendants who purchased 205, 15, 20 and 82 bootloaders, respectively, and sold or redistributed them.  In another large per violation award, the court in DIRECTV, Inc. v. McDougall, 2004 WL 2580769, 5(W.D. Tex. 2004), awarded plaintiff statutory damages of $70,000.00 ($10,000.00 for each of the seven different devices intended for resale) pursuant to 605(e)(4).

Some courts have awarded minimal statutory damages.  See eg., DIRECTV, Inc. v. Perrier, 2004 WL 941641, *3 (W.D.N.Y. 2004) (awarding $2,000.00 in damages under § 605(e)(3)(C)(I) where the complaint alleged that the defendant had purchased two pirate access devices); DIRECTV, Inc. v. Kaas, 294 F.Supp.2d 1044, 1048 (N.D. Iowa 2003) (awarding damages of $1,000.00 under § 605(e)(3)(C)(I) where the complaint alleged that the defendant had purchased a single pirate access device and there was no evidence that the defendant profited from the device or even used the device); DIRECTV v. Haskell, 344 F.Supp.2d 761, 765 (D.Me. 2004) (following the lead of several courts, the court awarded $1,000.00 for defendant's violation of § 605(a) based on his purchase and use of the device).

Some courts have refused to award any damages.  In DIRECTV, Inc. v. Taylor, 2004 WL 1878337 (D.Or. 2004), the court declined to award damages.  The court explained that there was no direct evidence as to how many times defendant used pirate access devices, if at all, or actually received or assisted others in receiving plaintiff's satellite television signal.  Similarly, in DIRECTV, Inc. v. Christomos, 2004 WL 2110700 (D.Or. 2004), the court declined to award statutory damages due to lack of evidence that the defendant actually received or assisted others in receiving plaintiff's satellite television signal.

Some courts have held that an award under 605(e)(4) targets commercial pirating. DIRECTV, Inc. v. Allbright, 2003 WL 22956416, *2 (E.D. Pa. 2003) (holding that a reasonable reading of subsection (e)(4) demonstrates that it was intended to target upstream manufacturers and distributors, not the ultimate consumer of pirating devices, such as defendant); DIRECTV, Inc. v. Montes,, 338 F.Supp 352, 356 (D.Conn. 2004) (declining to award 605(e)(4) damages); DIRECTV, Inc. v. Getchel, 2004 WL 1202717, *3 (D.Conn. 2004) (declining to award damages where there was no allegation or evidence that defendant was anything other than a consumer).

Here, the allegations do not support a conclusion that Defendant was more than an ultimate consumer. There is no evidence that he distributed or profited from the purchase of the devices or intended them for resale. Although DIRECTV submits evidence that Defendant joined a website devoted to piracy, this does not support a finding that Plaintiff was more than an ultimate consumer. Therefore, an award for damages for violation of section 605(e)(4) is not warranted.

3.     47 U.S.C. § 605(a)

Pursuant to Plaintiff's request, the Court will not analyze damages under this section because it has determined, as explained above, that Plaintiff is entitled to an award of damages under 18 U.S.C. § 2511(1)(a).

D.     Attorneys' Fees and Costs

DIRECTV requests that attorneys' fees and costs be awarded pursuant to 18 U.S.C. 2520(b)(3), which provides for attorneys' fees and costs incurred for an aggrieved party prosecuting a violation of 18 U.S.C. § 2520. DIRECTV requests attorneys' fees in the amount of $5,166.21, and that costs be calculated pursuant to Federal Rule of Civil Procedure 54.

A party aggrieved by a violation of 18 U.S.C. § 2520 is entitled to an award of reasonable attorneys' fees and costs. To determine a "reasonable" attorney fee award, district courts generally start by calculating the "lodestar" amount (the product of multiplying the number of hours reasonably expended on the litigation by a reasonable hourly fee). See Hensley v. Eckerhart, 461 U.S. 424, 433-437 (1983); City of Burlington v. Dague, 505 U.S. 557, 561

(1992). The fee applicant bears the initial burden of substantiating the hours worked and the rate claimed. Strange v. Monogram Credit Card Bank of Georgia, 129 F.3d 943, 945 (7th Cir. 1997).

Prior to filing this motion, Plaintiff states that it incurred $3,546.21 in attorneys fees, incurred by both Plaintiff's former and current counsel. Plaintiff attaches redacted copies of each firms' invoices to DIRECTV for legal services rendered. Exhibit E, attached to Declaration of Sandeep J. Shah ("Shah Dec."). However, the evidence submitted in support of this request is somewhat confusing. As to Danner & Martyn's invoices, there is no information provided for any of the numerous timekeepers that provided services. Similarly, invoices for services provided by DIRECTV's current counsel contain entries by unidentified timekeepers. This makes it difficult for the Court to analyze the fees incurred. However, the Court finds that $3,546.21 is a reasonable amount of fees for services rendered since September 2003.[3]

Mr. Shah has provided more specific information for services rendered and fees incurred in the preparation of this motion. In his declaration, Mr. Shah explains that he is one of the attorneys primarily responsible for handling this case. He is a 2000 graduate of McGeorge School of Law, practices business litigation, and his current hourly billing rate is $255.00. Shah Dec., ¶ 9. He spent 1.5 hours reviewing and revising this motion, and Michelle Stone[4], who bills at $135.00 per hour, spent 3.5 hours preparing this motion for Mr. Shah's review. Shah Dec., ¶ 12. Mr. Shah anticipates that either he or another attorney with a similar billing rate will spend approximately 3 hours preparing for and attending the hearing on this motion. Shah Dec., ¶ 12.

A district court should calculate a reasonable hourly rate according to the prevailing market rates in the relevant community. Schwartz v. Sec. Health & Human Serv., 73 F.3d 895, 906 (9th Cir. 1995). The relevant community is "typically the community in which the district court sits." Id. An exception exists where plaintiffs have proven that "local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree

---

[3] Plaintiff explains that in certain circumstances, services provided by Danner & Martyn and DIRECTV's current counsel related to all four Defendants originally named. The fees for such services were divided by four. Although the complaint against Mr. Santos, the only Defendant named in this action, was filed in September 2004, it appears that work relating to Mr. Santos began at least as early as January 2004.

[4] It is unclear if Ms. Stone is an attorney, as her name does not appear on the pleadings.

of experience, expertise, or specialization required to handle properly the case." Id. (citations omitted).

The prevailing rate in the relevant community is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, expertise, and reputation." Barjon v. Dalton, 132 F.3d 496, 501 (9th Cir. 1997). This Court has held in other litigation that the prevailing rate for top attorneys in this area is in the range of $225 to $250 per hour, with incremental decreases for attorneys of lesser experience and staff.

A reasonable rate for Mr. Shah is $200 per hour. He is entitled to 1.5 hours for reviewing and revising the motion. Although he anticipated that a total of three hours would be spent preparing for and attending the hearing, this amount of time was not likely spent. Defendant did oppose the motion and the hearing was taken off calendar pursuant to Local Rule 78-230(h). Accordingly, Mr. Shah is entitled to $300.00 ($200 x 1.5 hours) for reviewing and revising this motion.

A reasonable rate for Ms. Stone is $75.00 per hour. She is entitled to 3.5 hours for preparing this motion for Mr. Shah's review, for an award of $262.50 (3.5 hours x $75.00).

Accordingly, DIRECTV is entitled to a total of $4,108.71 in attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54.

## RECOMMENDATION

For the reasons discussed above, the Court RECOMMENDS to:

1. GRANT DIRECTV's motion for default judgment in favor of DIRECTV and against Defendant Edmundo Santos, in the amount of $10,000.00, pursuant to 18 U.S.C. § 2511;

2. GRANT DIRECTV's request for attorneys' fees in the amount of $4,108.71; and

3. GRANT DIRECTV's request for costs, to be awarded pursuant to Rule 54.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file

1  written objections with the court and serve a copy on all parties. Such a document should be
2  captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will
3  then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)©. The parties are
4  advised that failure to file objections within the specified time may waive the right to appeal the
5  District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6      IT IS SO ORDERED.

7  **Dated:   July 13, 2005**          **/s/ Dennis L. Beck**
   3b142a                                       UNITED STATES MAGISTRATE JUDGE